FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

01 DEC -6 AM 10: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARTHA HANLEY, | ] |
| Plaintiff, | ] |
| vs. | ] CV-01-N-2456-W |
| METROPOLITAN LIFE INSURANCE COMPANY, | ] |
| Defendant. | ] |

**ENTERED**

DEC C 6 2001

## Memorandum of Opinion

### I. Introduction

Before this court are two motions: plaintiff's motion to remand [Doc. # 4] and defendant's motion to strike certain evidence submitted by plaintiff in support of its motion to remand [Doc. # 8]. The issues have been fully briefed and are ripe for decision. Upon due consideration, the motion to strike will be denied and, pursuant to 28 U.S.C. § 1447(c) (2001), the motion to remand will be granted.

### II. Facts

On August 16, 2001, plaintiff Martha Hanley filed the present lawsuit against Metropolitan Life Insurance Company in the Circuit Court of Sumter County, Alabama. In her complaint, she alleged that she is the beneficiary of a life insurance policy issued to William Hanley that included an accidental death, double-indemnity benefit. Upon Mr. Hanley's death in an automobile accident, plaintiff sought to collect the benefits provided by the policy. While defendant did pay the basic insurance benefit, defendant has failed to pay the benefits allegedly due as a result of Mr. Hanley's death in the automobile



accident. Plaintiff's two-count complaint includes a breach of contract count and a bad faith failure to pay count. She seeks an unspecified amount of compensatory and punitive damages.

On September 28, 2001, defendant removed the case to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Defendant argued that although "the benefits at issue total approximately $20,000,"[1] case law from Alabama indicates that recovery in cases involving bad faith claims against insurance companies can exceed the jurisdictional amount of $75,000. On October 25, 2001, plaintiff moved to remand the case to state court, attaching to her motion an affidavit in which she agreed to limit any recovery in the case to $74,000. In response to the motion to remand, defendant offered further argument and the affidavit of Yale Law School Professor George L. Priest, prepared for a different lawsuit and appended to a case attached to the response, in which Professor Priest states, *inter alia*, that punitive damage awards in Alabama against insurance companies tend to exceed the jurisdictional amount. In reply, plaintiff offered certain correspondence sent by plaintiff's counsel to defendant's counsel that indicate that settlement negotiations are currently between $20,000 and $57,500. Defendant thereafter moved to strike the correspondence as barred by Fed. R. Evi. 408.

## III. Discussion

### A. Motion to Strike

Defendant moved to strike the letters offered by plaintiff that indicate that settlement

---

[1] An exact amount is not provided by defendant; neither is it clear to the court whether defendant's approximation represents the entire benefit allegedly due under the policy or just the accidental, double-indemnity portion.

negotiations between the parties are currently between $20,000 and $57,500. As grounds for its motion, defendant argues that the letters are barred by Fed. R. Evi. 408, which provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. . . . This rule . . . does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evi. 408. Defendant has not presented any case law to this court supporting application of Rule 408 to a situation in which a court is merely determining subject matter jurisdiction, rather than liability. Indeed, the relevant cases that the court has located indicate that the only question raised by courts in this regard concern the weight that should be assigned to such evidence, not whether the evidence should be excluded pursuant to the Rules of Evidence. *See Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997); *Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997); *Jackson v. American Bankers Ins. Co.*, 975 F. Supp. 1450, 1454 (S.D. Ala. 1997); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1997); *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). Moreover, the Eleventh Circuit has considered such evidence when determining whether the defendant established that the amount in controversy exceeded the jurisdictional requisite for removal purposes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Therefore, the defendant's motion to strike will be denied.

**B.    Motion to Remand**

Defendant asserts that jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332, which establishes the jurisdiction of federal courts in cases involving the diversity of the parties. 28 U.S.C. § 1331 (2001). There are two requisites to diversity jurisdiction. *Id.* The first is that the parties be completely diverse. *Id.* This is not at issue in this case, as it is undisputed that the plaintiff is an Alabama resident while the defendant is incorporated and has its principal place of business in New York. The second requisite is that the amount in controversy in the case exceeds $75,000. *Id.* It is this latter requirement that is at issue in this case.

The Eleventh Circuit recently addressed and defined the standards that this court is to apply to determine if remand is appropriate when the plaintiff has not specified the amount of damages that it seeks and, thus, the amount in controversy is unclear. In *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316 (11th Cir. 2001), the court stated:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. . . . We reiterate that the burden of proving jurisdiction lies with the removing defendant.

*Williams*, 269 F.3d at 1319. The court also defined the defendant's burden: "[T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* Because the amount in controversy is not facially apparent from the complaint, the court will examine defendant's notice of removal and any other evidence submitted by the parties in support of and in opposition to remand.

- 4 -

In attempting to carry its burden, defendant offered two forms of evidence: a litany of allegedly similar cases in Alabama courts in which the verdicts exceeded the jurisdictional amount[2] and the affidavit of an expert, prepared for and filed in a separate, unrelated case, in which he testified that punitive damage awards in Alabama tend to be in excess of the jurisdictional amount. Plaintiff, for her part, also supports her position with two forms of evidence: an affidavit that she will limit any recovery in this case to $74,000 and a series of settlement letters sent by plaintiff's counsel to defense counsel that indicate that the current settlement negotiations are between $20,000 and $57,500.

In all, defendant cites five cases from the Alabama Supreme Court in which the verdict, after review by the state appellate courts, exceeded $75,000. After reviewing these cases, it appears that the only common thread between the cited cases and the present case is the fact that all involve extra-contractual damages. *See Acceptance Ins. Co. v. Brown*, 2001 WL 729283 (Ala. 2001) (bad faith failure to defend and indemnify when insurance company refused, under commercial general liability policy, to cover insured for injuring burglary suspect); *Harrington v. Independent Life and Accident Ins. Co.*, 658 So. 2d 892 (Ala. 1994) (insured sued defendant insurance company for fraudulent misrepresentation); *BMW of North America v. Gore*, 646 So. 2d 619 (Ala. 1994) (large punitive damage award for fraud claim, later reversed by United States Supreme Court);

---

[2] Defendant also submitted Judge Acker's opinion in *Smith v. The Equitable Life Assurance Co. of the United States*, 148 F. Supp. 2d 1247 (N.D. Ala.) for the proposition that "an insurance company, facing claims for unspecified compensatory and punitive damages, including bad faith, would be on notice that its exposure exceeds $75,000 and must remove within 30 days." Def.'s Br. at 4. However, the opinion does not actually support this proposition, as it merely notes that removal on this basis would have been proper had the defendant sought to do so before recent changes in the law. *Smith*, 148 F. Supp. 2d at 1252. It does not reach the question of the propriety of removal based on diversity at the present time. *Id.*

*Smith v. States General Life Ins. Co.*, 592 So. 2d 1021 (Ala. 1992) (large punitive damage award for claim of fraud in the sale of insurance policy); *Principal Financial Group v. Thomas*, 585 So. 2d 816 (Ala. 1991) (breach of life insurance contract and bad faith refusal to pay for death of child). As noted in the parenthetical descriptions following each case, the factual scenarios vary greatly between each of the cited cases and the case at bar. Beyond the factual differences, however, is the fact that in relying upon these cases, defendant has failed to note the effect of recent tort reform efforts and other developments in Alabama law that tend to demonstrate an increasingly hostile environment in regard to oversize punitive damage verdicts. *See, e.g.,* Ala. Code § 6-11-21 (2001) (placing caps on punitive damages) (effective June 7, 1999); *Arnold v. Guideone Specialty Mutual Ins. Co.*, 142 F. Supp. 2d 1319, 1320-22 (N.D. Ala. 2001) (discussing changes in Alabama law regarding punitive damages).

Defendant also submitted an order from Judge Acker in *Smith v. The Equitable Life Assurance Co. of the United States*, 148 F. Supp. 2d 1247 (N.D. Ala. 2001), to which is appended the affidavit of Professor George L. Priest, Professor of Law at Yale Law School, which had been prepared for a separate case, *Barker v. Life Ins. Co. of Ga.*, CV-01-PT-1187-E (N.D. Ala. *filed* May 9, 2001). Defendant relies on this affidavit to support its position that punitive damages against insurance companies tend to exceed the jurisdictional limit. While the information in the affidavit reflects a thorough review of punitive damages in Alabama over the past decade, the court finds that its relevancy is limited by four specific short-comings. First, the affidavit was prepared for a different case, which involved claims of discrimination against an insurance company. Second, the data provided does not

contain an average punitive damage award against insurance companies since the implementation of recent legislative tort reform measures. Third, the only information provided by the affidavit in regard to punitive damage awards reviewed by the Alabama Supreme Court over the past year is not specific to insurance companies because no verdicts against insurance companies have been appealed to the Supreme Court during that time period. Finally, the affidavit in no way purports to deal with the actual facts at issue in this case, instead discussing punitive damage awards generally. Thus, were the court to rely upon this affidavit, it would be required to find that any case against an insurance company in which punitive damages were sought would automatically meet the jurisdictional amount, regardless of the actual facts presented by the case. For the foregoing reasons, the court finds that the affidavit of George L. Priest is of limited relevance to the present case.

In support of her motion to remand, plaintiff submitted an affidavit that she would limit her recovery to $74,000 in this case. Such an affidavit is clearly not dispositive of plaintiff's motion however. While her affidavit is some evidence of how she values her case, plaintiff's affidavit makes clear that her decision to limit her recovery was made in response to defendant's removal of the case. Plaintiff's post-removal affidavit does not establish that the amount in controversy *at the time of removal* was beneath the jurisdictional limit. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (noting that jurisdiction is determined by the facts as they existed at the time of removal). As a result, the court will only consider plaintiff's affidavit as some evidence of how much her case was valued at the time of removal, not as dispositive on the question.

The other evidence submitted by the plaintiff, that she has offered to settle the case for below the jurisdictional requisite, is likewise non-dispositive of the motion to remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). However, the Eleventh Circuit has found that such evidence does, in fact, have some bearing on the amount in controversy. *See id.* In *Burns*, the Eleventh Circuit considered the removal of a case from state court and the subsequent denial of plaintiff's motion to remand. *Id.* at 1093. Reversing the district court on the ground that defendant had not carried its burden of proving jurisdiction in response to plaintiff's motion to remand, the court remarked that although plaintiff's offer to settle for below the jurisdictional amount subsequent to removal was not determinative of the amount in controversy, such an offer did "count for something." *Id.* at 1097.

After reviewing all of the evidence put forward by the parties, the court finds that the defendant has failed to carry its burden of establishing that subject matter jurisdiction is proper in this court. Specifically, defendant has not shown that the amount in controversy in the present case more likely than not exceeds the jurisdictional requisite of $75,000. The court finds that the evidence put forward, both the litany of Alabama verdicts and the affidavit of George L. Priest, is not only unpersuasive but is completely outweighed by plaintiff's evidence, including her post-removal affidavit and her offer to settle for below the jurisdictional amount. As a result, the case shall be remanded to the Circuit Court of Sumter County pursuant to 28 U.S.C. § 1447(c).

## IV.    Conclusion

For the reasons set forth above, the defendant's motion to strike will be denied and

the plaintiff's motion to remand will be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this \_\_\_6th\_\_\_ of December, 2001.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE